IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


PAUL BAKER,                        )
                                   )
            Plaintiff,             )
                                   )
       vs.                         ) Civil Action No. 09-1061
                                   )
ERIC M. BERMAN, P.C.,              )
                                   )
            Defendant.             )


**MEMORANDUM OPINION**

Pending before the Court is a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3), filed by Defendant Eric M. Berman, P.C. ("Berman"), on August 12, 2009, at Doc. No. 4 ("Motion.)  In the alternative, Defendant seeks a change of venue from the Federal District Court for the Western District of Pennsylvania based in Pittsburgh, Pennsylvania, to the Erie, Pennsylvania, division or to the Federal District Court for the Eastern District of New York.  For the reasons discussed below, Defendant's Motion is denied in its entirety.

**I.   INTRODUCTION**

A.   <u>Factual Background</u>

According to the Complaint, in early December 2008, a representative of Defendant Berman contacted Plaintiff Paul Baker ("Baker") concerning a debt Baker purportedly owed Discover Bank. Baker alleges that at the time of the contact, Berman knew Baker

was represented by an attorney.[1]  Following his receipt of this letter, Baker "became scared, sick, upset, and worried and he was unable to sleep."  (Complaint, ¶ 6.)

B.  Procedural Background

Plaintiff, a citizen of Pennsylvania residing in Franklin, Venango County, Pennsylvania, filed suit in the Court of Common Pleas of Allegheny County, Pennsylvania, on July 10, 2009, claiming that given Defendant's knowledge that he was represented by counsel, the act of sending a letter directly to him was a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA.")  Berman timely removed the matter to this Court on August 11, 2009, pursuant to 28 U.S.C. § 1441(b). Plaintiff did not object to the removal.

The following day, August 12, 2009, Defendant filed the now-pending motion to dismiss or, in the alternative, for a change of venue.  The parties have now fully briefed the issue and it is ripe for decision.

II.  **JURISDICTION**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 since Plaintiff's claims arise under federal law.

---

[1]  Plaintiff alleges that he attached a copy of the letter dated December 8, 2008, from Berman to himself which was the "contact" to which he refers, but no such letter was attached to the complaint when it was removed to this Court.

## III. STANDARD OF REVIEW

### A.    Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(3)

Under Federal Rule of Civil Procedure 12(b)(3), a defendant may seek to dismiss a case on the basis of improper venue. This rule is designed "to protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place of trial." Cottman Transmission Sys., Inc. v. Martino, 36 F.3d 291, 294 (3d Cir. 1994), quoting LeRoy v. Great W. United Corp., 443 U.S. 173, 183-184 (1979).

The parties agree that this Court has jurisdiction pursuant to the FDCPA which provides that litigation against a debt collector[2] who fails to comply with any provision of the statute "may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction." 15 U.S.C. § 1692k. When a court's jurisdiction is based on a federal question instead of diversity of citizenship, venue is proper only in

> (1) a judicial district where any defendant resides, if all defendants reside in the same State;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . . or
>
> (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

---

[2]  Berman does not deny that it is a debt collector as that term is defined in 15 U.S.C. § 1692b and therefore subject to the FDCPA.

28 U.S.C. § 1391(b).

When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(3), a court must accept as true the allegations in the complaint, unless contradicted by the defendant's affidavits. Campanini v. Studsvik, Inc., CA No. 08-5910, 2009 U.S. Dist. LEXIS 28908, *5 (E.D. Pa. Apr. 6, 2009). While the court may consider facts outside the complaint to determine the proper venue, all reasonable inferences must be drawn in the plaintiff's favor. Fellner v. Philadelphia Toboggan Coasters, Inc., CA No. 05-2052, 2005 U.S. Dist. LEXIS 23839, *4 (E.D. Pa. Oct.18, 2005).

The essential element in deciding if a case has been brought in the proper venue is to determine "which of defendant's acts or omissions gave rise to the claim, and of those acts or omissions, which of them took place" in this judicial district. Leone v. Cataldo, 574 F. Supp.2d 471, 484 (E.D. Pa. 2008).

B.   Motion to Transfer

When  ruling on a defendant's motion to transfer as an alternative to dismissal, "the plaintiff's choice of venue should not be lightly disturbed." Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995) (internal quotation omitted.) If the Court concludes that venue is not proper is this District, we must either dismiss the case or transfer it to a "proper forum," that is, to "any district or division in which it could have been brought." 28

4

U.S.C. § 1406(a);[3] *see also* <u>Lafferty v. St. Riel</u>, 495 F.3d 72, 77
(3d Cir. 2007).  The choice to dismiss or transfer is within the
broad discretion of the district court but, in general, the
"interest of justice" requires the court to transfer rather than
dismiss the case.  <u>Goldlawr, Inc. v. Heiman</u>, 369 U.S. 463, 466-467
(1962); *see also* <u>Gottlieb v. United States</u>, CA No. 05-3803, 2006
U.S. Dist. LEXIS 64249, * 8 (D. N.J. Sept. 8, 2006), noting that
transfer "is not in the interest of justice when, for example, the
plaintiff (1) commenced the action in the wrong district for some
improper purpose, (2) intended to harass the defendant by filing in
a distant venue, or (3) engaged in blatant forum-shopping."
Moreover, transfer is preferable to outright dismissal "because it
prevents repetitive motion practice and unnecessary costs."
<u>Holiday v. Bally's Park Place, Inc.</u>, CA No. 06-4588, 2007 U.S.
Dist. LEXIS 66554, * 6 (E.D. Pa. Sept. 10, 2007).

Even if we find that venue is proper in this District, the
case may be transferred to any other district or division where it
might have been brought "for the convenience of parties and
witnesses" or "in the interest of justice."  28 U.S.C. §1404(a).
The goal of §1404(a) is "to prevent the waste of time, energy and
money and to protect litigants, witnesses and the public against

---

[3]  Section 1406(a) provides in full: "The district court of a
district in which is filed a case laying venue in the wrong division
or district shall dismiss, or if it be in the interest of justice,
transfer such case to any district or division in which it could have
been brought."  28 U.S.C. § 1406(a).

unnecessary inconvenience and expense." <u>Van Dusen v. Barrack</u>, 376 U.S. 612, 616 (1964). When ruling on a motion to transfer, the court must consider a number of private and public factors in order "to determine whether on balance the litigation would more conveniently proceed and the interest of justice be better served by the transfer to a different forum." <u>Jumara</u>, 55 F.3d at 879 (internal quotation omitted.)

Here, Defendant bears the burden of showing both that venue in this District is improper and that transfer to another district is justified. <u>Wozniak v. Johnston</u>, CA No. 09-238, 2009 U.S. Dist. LEXIS 39213, * 8 (W.D. Pa. May 8, 2009). However, Defendant need not show "truly compelling circumstances," but, instead, must convince the Court that upon a proper balancing of all relevant factors, the "case would be better off transferred to another district." <u>In re United States</u>, 273 F.3d 380, 388 (3d Cir. 2001) (internal quotations omitted.)

## III. **ANALYSIS**

### A.   <u>Motion to Dismiss</u>

In its Motion, Berman argues there are four reasons venue is improper in this district: (1) Defendant does not reside in this district; (2) a substantial part of the events pertaining to this suit occurred in New York, e.g., the letter alleged to be in violation of the FDCPA was issued from Defendant's Babylon, New York, office; (3) Plaintiff served his complaint on Berman at its

principle place of business in New York; and (4) Defendant is located in the Eastern District of New York and is subject to jurisdiction and venue there.   (Motion, ¶ 8.)

We find none of these arguments persuasive.   Inasmuch as Defendant is a corporation (Motion, ¶ 2), it is deemed for purposes of determining proper venue to be a resident of "any judicial district in which it is subject to personal jurisdiction at the time the action is commenced."   28 U.S.C. § 1391(c).[4] Significantly, Berman never argues that it is not subject to personal jurisdiction in this district, nor does Defendant dispute Plaintiff's statement that it has filed some 500 collection actions in Allegheny County (within the Western District of Pennsylvania), providing more than enough "contacts" with this district to subject it to personal jurisdiction.   (See Plaintiff's Response to Motion to Dismiss and/or [for] Change of Venue, Doc. No. 8, "Plf.'s Response," at 2.)   Moreover, the fact that Berman's principle place of business is located in the Eastern District of New York and is

---

[4]   In full, this provision states: "For purposes of venue under this chapter. . ., a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.   In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts."   28 U.S.C. § 1391(c).

subject to jurisdiction and venue there by no means precludes it from being subject to the jurisdiction of many other districts and venues. *See* Daniel v. Am. Bd. of Emergency Med., 428 F.3d 408, 432 (2d Cir. 2005), noting that § 1391(b)(2) "contemplates that venue can be appropriate in more than one district and permits venue in multiple judicial districts as long as a substantial part of the underlying events took place in those districts." (Internal quotations omitted.)

More importantly, "[t]he test for determining venue is not the defendant's 'contacts' with a particular district, but rather the location of those 'events or omissions giving rise to the claim,' theoretically a more easily demonstrable circumstance than where a 'claim arose.'" Cottman, 36 F.3d at 294. As the Court explained in Cottman, this test requires a two-step process: first, the court must identify the "nature of the dispute" and the acts or omissions which gave rise to it, and second, it must determine if a "substantial part" of those acts or omissions occurred in the venue proposed by the plaintiff.   Id. at 295-296, *see also* Daniel, id.

Berman relies on the fact that the letter sent to Baker was "drafted, issued and sent from Defendant's New York office." (Motion, ¶ 10.)   These acts are assuredly a "substantial" part of the events leading up to this litigation.   However, "[i]t is irrelevant that a more substantial part of the events took place in another district, as long as a substantial part of the events took

place in [this] district as well." <u>Rodriguez v. Smith</u>, CA No. 03-
3675, 2005 U.S. Dist. LEXIS 12237, *13 (E.D. Pa. June 21, 2005)
(internal quotation omitted.)  In cases such as this in which the
plaintiff alleges the defendant violated a provision of the FDCPA,
numerous courts have found that the event giving rise to the
litigation is receipt of a letter sent by the collection agency to
the plaintiff.  These courts have reasoned as follows:

- Congress intended the FDCPA to protect consumers from the harmful effects of abusive debt practices that collection agencies had imposed on them. *See* 15 U.S.C. § 1692(d).

- The harm to the consumer occurs at the time he or she receives a written or verbal communication from the debt collection agency which violates a provision of the Act (as is alleged in this case, by contacting Baker directly despite knowing he was already represented by counsel, a violation of 15 U.S.C. § 1692c.)

- Receiving the letter or other communication is a substantial part of the events giving rise to a claim under the FDCPA and, consequently, venue is appropriate in the district where the plaintiff received the letter.

- In addition, because the goal of the FDCPA is to protect and assist consumers, it would be illogical to transfer the case to a venue which may be convenient for the defendant but which would increase the difficulty of

plaintiff to prevail in his claims against the collection
agency.

As the <u>Cottman</u> court pointed out, referring to <u>Bates v. C & S
Adjusters, Inc.</u>, 980 F.2d 865, 868 (2nd Cir. 1992), the FDCPA is
intended to prevent a type of injury that does not occur until, for
instance, a consumer receives a letter which violates the Act.
Therefore, the place where the letter is received is a proper
venue.  <u>Cottman</u>, 36 F.3d at 294; *see also* other cases applying the
same reasoning, e.g., <u>Lachman v. Bank of La.</u>, 510 F.Supp. 753, 760
(N.D. Ohio 1981); <u>Murphy v. Allen County Claims & Adjustments,
Inc.</u>, 550 F.Supp. 128, 130-131 (S.D. Ohio 1982); <u>Sluys v. Hand</u>, 831
F.Supp. 321, 325 (S.D. N.Y. 1993); <u>Russey v. Rankin</u>, 837 F.Supp.
1103, 1105 (D. N.M. 1993); <u>Paradise v. Robinson & Hoover</u>, 883
F.Supp. 521, 526 (D. Nev. 1995); <u>Flanagan v. World Wide Adjustment
Bureau</u>, CA No. 95-776, 1996 U.S. Dist. LEXIS 8257, *8 (M.D. N.C.
May 3, 1996); <u>Maloon v. Schwartz</u>, 399 F. Supp.2d 1108, 1114 (D.
Haw. 2005); <u>Wensauer v. Martorella</u>, CA No. 08-467, 2008 U.S. Dist.
LEXIS 66424, *4-*5 (W.D. Okla. Aug. 29, 2008); <u>Patterson v. Latimer
Levay Jurasek, LLC</u>, CA No. 09-567, 2009 U.S. Dist. LEXIS 55047,
*10-*11 (S.D. Cal. June 29, 2009); and <u>Colbert v. United Recovery
Sys.</u>, CA No. 09-425, 2009 U.S. Dist. LEXIS 67287, *6-*7 (N.D. Ohio
July 27, 2009).

We conclude that inasmuch as Baker received the letter at his
home in Venango County, Pennsylvania, within this federal district,

venue is proper here.  Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3) is therefore denied.

B.    Motion to Transfer Pursuant to 28 U.S.C. § 1404

Having concluded venue is proper in this district, we need not consider Defendant's arguments that the case should be transferred pursuant to 28 U.S.C. § 1406(a).  Berman argues in the alternative that there are three factors which weigh in favor a change of venue to the Eastern District of New York under 28 U.S.C. § 1404:  (1) Defendant is a New York corporation with its principle place of business in Babylon, New York; (2) the letter in question was drafted, issued and sent from that office; (3) if the matter proceeds, Defendant's witnesses, books and records are all in New York.  (Motion, ¶ 10.)

Under Section 1404(a), a case may be transferred to another district where it might have been brought in the "interest of justice" and "for the convenience of parties and witnesses."  When considering such a transfer, the court must consider a number of public and private factors in addition to those specifically enumerated in the statute.  The private factors include:

the plaintiff's forum preference;

the defendant's preference;

whether the claim arose elsewhere;

the convenience of the parties as indicated by their relative physical and financial condition;

the convenience of the witnesses; and

11

the location of books and records.

The last two factors should be considered only to the extent that witnesses may not be available or documents could not be produced as easily in one forum as the other.

The public interests include:

the enforceability of the judgment;

practical considerations that could make the trial easy, expeditious, or inexpensive;

the relative administrative difficulty in the two fora resulting from court congestion;

the local interest in deciding local controversies at home;

the public policies of the fora; and

the trial judge's familiarity with applicable state law.

Jumara, 55 F.3d at 879-880.

Each of these factors must be balanced and weighed, keeping in mind that "unless the balance of convenience of the parties is *strongly* in favor of defendant, the plaintiff's choice of forum should prevail." Molchen v. Ford Motor Co., CA No. 08-954, 2008 U.S. Dist. LEXIS 94780, *11-*12 (W.D. Pa. Nov. 20, 2008), *quoting* Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970) (emphasis in original.) "[T]he defendant must show that its alternative forum is more convenient; if factors are in equipoise, transfer is not proper." Shutte, id.

Neither party addresses these factors in any systematic way, but as noted above, the burden is on Defendant to show that

transfer is appropriate.  The Court concludes that the only factor that weighs in Defendant's favor is that its witnesses, books, and records are located in Babylon, New York.  However, Defendant does not argue that those witnesses and documents could not be readily produced in this forum as easily as in the Eastern District of New York.  As Plaintiff points out, Defendant has already litigated more than 500 cases in this District which would seem to imply that it has no difficulty providing witnesses and documents outside the Eastern District of New York when it chooses to do so.  Moreover, because Berman is a multi-state collection agency while Baker is an individual, it would be easier, presumably, for Defendant to finance litigation costs than Plaintiff.  *See* Colbert, 2009 U.S. Dist. LEXIS 67287 at *8.  And, as the Supreme Court has noted, a court should not transfer a case if the effect would be to shift "the inconvenience of litigating in a distant court from the defendant to the plaintiff."  Colbert, id. at * 7, *citing* Van Dusen, 376 U.S. at 645-646.

Finally, if the underlying collection action by Defendant were actually to go to trial, Berman would have to be prepared to bring suit in this venue.  Under the FDCPA, in a case not involving an interest in real property, venue is limited to "the judicial district. . .(A) in which such consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action."  15 U.S.C. § 1692i.  Since Berman seems prepared to

pursue its own litigation in this district, we see no reason it should not be amenable to resolving Plaintiff's claims here.

As an afterthought, Berman argues that the case should be transferred from the Pittsburgh vicinage to Erie because Venango County is assigned to the latter and because the only nexus to Pittsburgh is that Plaintiff's counsel is located here. (Defendant's Brief in Support of Motion to Dismiss, Doc. No. 6, at 6.) Plaintiff disputes this claim and argues that his complaint was filed here here because Defendant has filed over 500 lawsuits in Allegheny County and regularly conducts business here. (Plf.'s Response at 2.)

The Court may transfer venue to another division for the convenience of the parties and witnesses. 28 U.S.C. § 1404(a). The Court is somewhat surprised by Defendant's request to transfer this case to Erie, which is probably just as far as Pittsburgh in driving distance and time from Berman's location in Babylon, New York, and probably less convenient to get to by air. It will certainly be more convenient for Plaintiff's counsel to attend case management and other conferences in Pittsburgh rather than Erie, and Plaintiff himself will not be significantly inconvenienced if he is compelled to drive here rather than to Erie.[5] Finally,

---

[5] The Court takes judicial notice of the fact that according to the on-line service, "MapQuest," the driving time from Plaintiff's home to the Pittsburgh Courthouse is 1 hour and 30 minutes and 1 hour and 20 minutes to the Erie Courthouse. The actual difference in distance to each of the courthouses is less than 20 miles.

14

because the judges sitting in Pittsburgh generally enjoy a smaller case load than those in Erie, we believe this case may be resolved more expeditiously if it remains with this Court.

Defendant's motion to transfer this matter to the Eastern District of New York or to the Erie Division of the Western District of Pennsylvania is denied.

An appropriate Order follows.


William L. Standish
United States District Judge

15